## JOHN N. CRUTCHER v. COMMONWEALTH.

**Criminal Pleading—Suit on Recognizance—Surety.**

Where a charge of assault and battery is made and a surety signs a recognizance bond and afterwards the charge is changed, charging a felony, the surety is not liable in case of default, but where the first charge is amended after bond given but no new or higher offense is charged, such surety is still bound.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

January 6, 1875.

OPINION BY JUDGE PRYOR:

Upon an examination of the record we have been unable to find any amendment made in the proceedings against Walcott, by which the commonwealth had abandoned the prosecution for an assault and battery, and charged the accused with a felony.

If, as maintained by counsel, the warrant had been so worded as to make it a felony, it might be regarded as a mutual dismissal of the minor offense, and a surety could hardly be held on a bond for an appearance to answer a misdemeanor, when the proceeding under which the bond was executed had been dismissed and a warrant for felony substituted. The surety might be willing to bind himself for the appearance of a party charged with a minor offense, when he would refuse to become bound when the offense was a higher grade, and the penalty or punishment materially increased. In this case the original and amended warrants or specifications both contain charges for a misdemeanor. The one is for an assault and battery, and the amendment is for striking and wounding Mary Walcott with intent to kill. This is no felony, if proven, and one magistrate had the power to hear the case and to hold the accused for his appearance; nor is it even a charge embraced by the statute for shooting, cutting, etc., with intent to kill; but it is a mere statement of facts that constitute the offense of an assault and battery, and if embraced by the statute, being a misdemeanor only, the rights of the sureties were in no manner affected by the amendment. The answer of the defendants presenting no defense, the court acted properly in making them liable.

Judgment *affirmed*.

*Major & Jett, J. L. Scott, J. B. Major, for appellant.*
*John Rodman, for appellee.*